UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES MATREAL,                                    Case No. 12-10646

          Plaintiff,                          District Judge Nancy G. Edmunds

v.                                                  Magistrate Judge R. Steven Whalen

BANK OF AMERICA, N.A., ET AL.,

          Defendants.
_____ /

## REPORT AND RECOMMENDATION

This is a mortgage foreclosure case, brought as a quiet title action and removed from the Oakland County Circuit Court based on diversity jurisdiction. Plaintiff Charles Matreal is proceeding *pro se*. Before the Court is Defendant Bank of America, N.A.'s ("BOA") Motion for Dismissal and for Summary Judgment [Doc. #3], which has been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). Plaintiff was ordered to file a response on or before April 16, 2012 [Doc. #5], but to date has not responded. For the reasons discussed below, I recommend that Defendant's motion be GRANTED, and that the complaint be DISMISSED WITH PREJUDICE.

## I.   FACTS

On December 14, 2007, Plaintiff Charles Matreal and his wife, Victoria M. Matreal, gave a purchase money mortgage in the amount of $312,000.00 to Defendant BOA, encumbering real property in Milford, Michigan. A promissory note in the same amount was signed by Victoria Matreal only, with BOA as the lender. Due to missed payments, the account became delinquent in 2009 and remained delinquent throughout 2010.

In December, 2010, Victoria Matreal and BOA entered into a loan modification agreement. However, Ms. Matreal failed to make the required payments under this agreement, and the loan went into default. BOA commenced foreclosure by advertisement proceedings, pursuant to Michigan law, and a Sheriff's Sale was held on January 17, 2012.  BOA purchased the property.[1]

In his complaint, Plaintiff alleges that "on information and belief," Defendant BOA is "acting on behalf of" some unidentified securitized trust. *Complaint*, ¶ 9.   He alleges that BOA assigned the mortgage to Defendant Unknown PSA Trust, *Id.* ¶ 11, and that somehow, the mortgage was "split" from the promissory note, thereby converting the debt to an unsecured debt. *Id.* ¶ 13. Plaintiff claims that because there was an assignment of the mortgage but not the note, he "fears that the chain of title to his property may be irreparably broken." *Id.* ¶ 16. Ultimately, he claims that "the mortgage and the note are nullities and/or were obtained in violation of law and are thus void."  *Id.* ¶ 20.

Defendant BOA states that it was the original lender under both the note and the mortgage, and that the mortgage has never been assigned. *Defendant's Motion*, at 6. Defendant states that the mortgage and the note have never been "split," and neither the loan nor the mortgage have ever been placed in a trust. *Id.,* at 5. Defendant's Exhibits show mortgage and loan transactions originating with BOA, a loan modification agreement entered into by BOA, and foreclosure by advertisement and a Sheriff's Sale initiated by BOA. Plaintiff has not presented any evidence showing any assignment of the

---

[1] The foregoing facts are supported by Defendant's Exhibits A (the mortgage), B (the promissory note), C (Victoria Matreal's payment history), D (the loan modification agreement), E and F (notices of acceleration of the debt), and H (the Sheriff's Deed). Because Plaintiff has not contested these facts by affidavit or otherwise, and indeed has not even filed a response to this motion, the Defendant's recitation of facts will be considered undisputed. *See* Fed.R.Civ.P. 56(e)(2).

mortgage or note.

## II.    STANDARD OF REVIEW

Fed.R.Civ.P. 12(b)(6) provides for dismissal of a complaint "for failure of the pleading to state a claim upon which relief can be granted."  Rule 12(b) also provides that if, on consideration of a motion under paragraph (6), "matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 (summary judgment)."  In assessing a Rule 12(b)(6) motion, the court accepts the plaintiff's factual allegations as true, and asks whether, as a matter of law, the plaintiff is entitled to legal relief.  *Rippy v. Hattaway,* 270 F.3d 416, 419 (6th Cir. 2001).

Because Defendant's Exhibits are "matters outside the pleadings," I will treat this under Defendant's alternative theory based on summary judgment.

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c).  To prevail on a motion for summary judgment, the non-moving party must show sufficient evidence to create a genuine issue of material fact. *Klepper v. First American Bank*, 916 F.2d 337, 341-42 (6th Cir. 1990). Drawing all reasonable inferences in favor of the non-moving party, the Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).  Entry of summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case,

and on which that party will bear the burden of proof at trial." *Celetox Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). When the "record taken as a whole could not lead a rational trier of fact to find for the nonmoving party," there is no genuine issue of material fact, and summary judgment is appropriate. *Simmons-Harris v. Zelman*, 234 F.3d 945, 951 (6th Cir. 2000).

### III.   DISCUSSION

Plaintiff's theory is premised on an alleged assignment of the mortgage, a "splitting" of the mortgage and note, a securitization of the mortgage in the context of an unidentified  Real Estate Mortgage Investment Conduit Trust, and a violation of some "Pooling and Servicing Agreement."  However, Plaintiff has not presented a single shred of evidence to support any of these allegations. The Defendant's Exhibits, on the other hand, show clearly that BOA is the holder of both the note and the mortgage, and never assigned either one to a trust or to any other entity.

Under M.C.L. § 600.3204(d), a foreclosure by advertisement may occur if "[t]he party foreclosing the mortgage is either the owner of the indebtedness or of an interest in the indebtedness secured by the mortgage or the servicing agent of the mortgage."  As both the mortgagee and owner of the note, BOA has indisputably shown that it is the "owner of the indebtedness." *See Residential Funding Co., L.L.C. v. Saurman*, 490 Mich. 909, 805 N.W.2d 183 (2011). All other requirements of § 600.3204 have also been met: there was a default; no other action to recover the debt had been instituted; and the mortgage containing the power of sale was properly recorded with the Oakland County Register of Deeds. There is absolutely no basis to invalidate the foreclosure or the Sheriff's Sale.

In addition, "Unknown Securitized PSA Trust" has been named as a Defendant.

This is in effect a "John Doe" defendant, which has not been identified or served within 120 days of the complaint, as required by Fed.R.Civ.P. 4(m). Moreover, as discussed above, neither the mortgage or the note were ever assigned to a trust. Therefore, the Court should also dismiss the complaint as it pertains to the Unknown Securitized PSA Trust.

Defaulting on a mortgage and losing one's home is a horrible and traumatic event in anyone's life, and one can understand why the Plaintiff might be inclined to grasp at any thin reed he can, including nonsense that may appear on the internet. But the absurd result of accepting these arguments would be that the Plaintiff and his wife get to live for free. This complaint should be dismissed in its entirety.

## IV.   CONCLUSION

For these reasons, I recommend that Defendant BOA's Motion for Dismissal and for Summary Judgment [Doc. #3] be GRANTED, and that the entire complaint be DISMISSED WITH PREJUDICE.

Any objections to this  Report and Recommendation must be filed  within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir.  1991); *United States v. Walters,* 638 F.2d 947 (6th Cir.  1981).  Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.


                                    s/ R. Steven Whalen
                                    R. STEVEN WHALEN
                                    UNITED STATES MAGISTRATE JUDGE
Date: July 20, 2012


## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail disclosed on the Notice of Electronic Filing on July 20, 2012.

Charles Matreal                        s/Johnetta M. Curry-Williams
1875 N Hickory Ridge Trl               Case Manager
Milford, MI 48380-3138